**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS**

**CLAIMSOLUTION, INC.,**                                                      **PLAINTIFF**

**v.**                                          **NO. CV-_____**

**AMERICAN CLAIM SOLUTIONS, INC.**                              **DEFENDANT**

<u>**COMPLAINT**</u>

Plaintiff ClaimSolution, Inc., for its complaint against Defendant American Claim Solutions, Inc., states as follows:

<u>**PARTIES, JURISDICTION AND VENUE**</u>

1.      ClaimSolution, Inc. is a Missouri corporation with its principal place of business in Overland Park, Kansas.

2.      American Claim Solutions, Inc., is an Arkansas corporation with its principal place of business at 178 Amanda Place Hot Springs, Arkansas 71901.

3.      The Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), and 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. § 1332(a) (diversity of citizenship).

4.      The Court has personal jurisdiction over Defendant because Defendant is an Arkansas corporation with its principal place of business in Hot Springs, Arkansas.

5.      This Court is a proper venue for resolving this dispute, pursuant to 28 U.S.C. § 1391(b), as (a) a substantial part of the events giving rise to this action occurred in this district or, in the alternative, (b) there is no district in which the action may otherwise be brought as provided in § 1391 and the Court has personal jurisdiction over Defendant.

## GENERAL ALLEGATIONS

### ClaimSolution, Inc.

6.     Plaintiff ClaimSolution, Inc. ("CS") is in the business of insurance claims processing and insurance claims administration.

7.     CS provides insurance claims processing and administration services in connection with both commercial and personal lines of business.  CS offers adjusting and appraisal services for insurance companies, fleet and self-insured entities.

8.     CS has been operating in the insurance business since 1950's.

9.     From 1995 to 2002 CS expanded its presence nationwide.   Today, CS has over 40 offices nationwide.

10.     CS is the owner of the United States trademark CLAIMSOLUTION®, Registration No. 3,324,297, registered October 30, 2007.  CS began using the trademark CLAIMSOLUTION®, in interstate commerce at least as early as 1995 in association with the sale of insurance claims processing and insurance claims administration services.   The CLAIMSOLUTION® trademark is live and enforceable, and meets the requirements of 15 U.S.C. §§ 1058 and 1065.

11.     CS currently and continuously uses the trademark CLAIMSOLUTION® in association with registered goods and services in nationwide commerce and claims an actionable and protectable interest in the trademark.  Substantial amounts of time, effort, and money have been expended over the years by CS to ensure that the consuming public associates the CLAIMSOLUTION® trademark exclusively with CS.

12.     As a result of the care and skill exercised by CS in the sale of its services to consumers, the close supervision and control exercised by CS over the nature and quality of the

2

services offered under the CLAIMSOLUTION® trademark, and extensive advertising, sale, and public acceptance thereof, the CLAIMSOLUTION® trademark has acquired immense goodwill throughout the United States and within this judicial district. As a result of its reputation for excellence, CS enjoys a substantial demand for its services.

### American Claim Solutions, Inc.

13.     Defendant American Claim Solutions, Inc. (hereafter "Defendant") is in the business of insurance claims processing and insurance claims administration.

14.     Defendant is an independent claims adjustor. According to Defendant's website, it assists companies with investigating and processing claims. In connection with this service, Defendant offers "multi-line claim service," including personal and commercial transportation claims, and personal and commercial property claims.

15.     Defendant markets, showcases, advertises and promotes itself to the public as "American Claim Solutions"

16.     "American Claim Solutions" is confusingly similar to CS's registered trademark CLAIMSOLUTION®.

17.     The similarity has and will cause market confusion.

18.     Since both CS and Defendant are in claims processing, they have overlapping services and are competitors. As competitors, there is a substantial likelihood that CS's customers will see Defendant's name and believe that Defendant is associated or has partnered with CS.

19.     At no time was Defendant authorized or given permission by CS to use its trademark.

20.     On or about March 6, 2020, CS sent a letter notifying Defendant that it was infringing on CS's registered trademark. CS demanded that Defendant cease any further use of

3

the registered trademark.   Specifically, CS demanded that Defendant: (a) remove any confusingly similar marks from Defendant's website and any promotional material; and (b) cease use of "Claim Solutions" in its name.

21.     Defendant failed to comply and refused to stop its infringement on CS's registered trademark.  Defendant continues to use "Claim Solutions" in connection with its insurance claims processing and adjustment business.

<u>COUNT I</u>
**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT 15 U.S.C. §1114(1)(A)**

22.     CS incorporates the allegations in the preceding paragraphs of this Complaint.

23.     CS is the owner of the trademark registration for CLAIMSOLUTION®, issued by the United States Patent and Trademark Office on October 30, 2007.

24.     CS began using the trademark CLAIMSOLUTION® in interstate commerce at least as early as 1995 in association with the sale of insurance claims processing and insurance claims administration services.

25.     Defendant has continuously marketed, showcased, advertised and promoted its insurance services to the public using CS's registered trademark and without CS's authorization.

26.     The unauthorized use of CS's registered trademark constitutes statutory trademark infringement under 15 U.S.C. § 1114(1)(a), as well as unfair competition.

27.     Defendant has continued its infringement despite the constructive notice of a registered trademark under 15 U.S.C. § 1072, and actual notice by the letter it received from CS on March 6, 2020, notifying Defendant of the infringement of CS's registered trademark.

28.     Defendant's unlawful conduct described above will continue to cause confusion and mistake in the marketplace as to the source, endorsement, or sponsorship of Defendant's services and products, and the relationship or affiliation between Defendant and CS.

WA 14705999.1

29.     The goodwill and reputation of CS's business in connection with the CLAIMSOLUTION® trademark is of significant value, and CS will suffer irreparable injury should this Court allow Defendant's infringement to continue to the detriment of CS's trade reputation and goodwill.

<u>COUNT II</u>
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

30.     CS incorporates the allegations in the preceding paragraphs of this Complaint.

31.     CS began using the trademark CLAIMSOLUTION®, in interstate commerce at least as early as 1995 in association with the sale of insurance claims processing and insurance claims administration services.

32.     CS currently and continuously uses in commerce the trademark CLAIMSOLUTION® to identify itself in the insurance marketplace.

33.     The wrongful and unauthorized use by Defendant of words confusingly similar to the CLAIMSOLUTION® trademark is likely to cause confusion or mistake or deception as to the source of Defendant's services and/or sponsorship or authorization of Defendant's services.

34.     Defendant knew or should have known that its use of trademarks similar to the CLAIMSOLUTION® trademark was likely to damage CS.

35.     Defendant has infringed on the CLAIMSOLUTION® trademark, and has engaged in unfair competition.

36.     Defendant's marketing and advertisements using "Claim Solutions" in its name is likely to influence the purchasing decision of the intended audience.

37.     Defendant has continued its infringement despite actual notice provided by the letter it received from CS on March 6, 2020 notifying Defendant of the infringement of CS's trademark.

5

WA 14705999.1

38.     Defendant's aforesaid actions constitute common law trademark infringement, and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

39.     As a proximate result of Defendant's acts as alleged herein, CS has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, for which CS is entitled to relief.

**COUNT III**
**VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT**

40.     CS incorporates the allegations in the preceding paragraphs of this Complaint.

41.     Defendant's conduct described above constitutes deceptive trade practices by knowingly making false represents as to the source or sponsorship of the services sold and/or provided by the Defendant in violation of the Arkansas Deceptive Trade Practices Act, A.C.A. § 4-88-101 *et seq.*

42.     Such deceptive trade practices have caused, and unless enjoined, will continue to cause irreparable harm to CS.  CS has no adequate remedy at law and is a proper plaintiff pursuant to A.C.A. § 4-88-113(f).

43.     Defendant's conduct is deliberate, willful, intentional, and constitutes a knowing violation of CS's rights.  CS, therefore, is entitled to exemplary damages, attorneys' fees, and costs incurred in this action.

**COUNT IV**
**CYBERSQUATTING PURSUANT TO 15 U.S.C. §1125(D)**

44.     CS incorporates the allegations in the preceding paragraphs of this Complaint.

45.     CS operates the registered internet domain name "www.claimsolution.com" in connection with services it offers in the insurance industry.

46.     Defendant operates the registered internet domain name, "www.americanclaimsolutions.com" in commerce, specifically, in connection with insurance services it offers to the public.

47.     Defendant's use of "claimsolutions" in its domain name is likely to cause confusion, or to cause mistake or device those in the insurance claims processing industry as to the Defendant's affiliation, connection or association with CS.

48.     CS trade names, websites and trademarks were distinctive and well-known in the insurance claims processing community at the time Defendant registered the domain name "www.americanclaimsolutions.com."

49.     Defendant's domain name is confusingly similar to CS's domain name and registered trademark "ClaimSolution."

50.     Defendant registered the domain name "www.americanclaimsolutions.com" without the prior knowledge, permission, or consent of CS.

51.     On information and belief, Defendant has and continues to have, a bad faith intent to profit from the registration of its domain name and use thereon of the trademark CLAIMSOLUTION® which is used and incorporated into Defendant's domain name.

52.     On information and belief, Defendant purposefully and willfully registered the aforementioned domain name with the intent to divert those in the insurance industry from CS's website and to confuse those in the insurance industry who, for example, during an internet search, might mistake "americanclaimsolutions.com" for CS's website "claimsolution.com."

53.     On information and belief, Defendant intended to tarnish or disparage CS's trademark by using the trademark within Defendant's domain name, which created the likelihood

7

that those within the insurance industry would be confused into assuming that CS and Defendant were affiliated.

54.     Defendant has purposefully and willfully continued to use the domain name even after CS's March 6, 2020, letter notifying Defendant of the improper use and demanding that such use cease.

55.     Defendant's conduct has caused, and is likely to continue to cause, substantial injury to CS and CS is entitled to injunctive relief pursuant to 15 U.S.C. §1116, and to recover damages and reasonable attorney's fees pursuant to 15 U.S.C. §§1125(a) and 1117, or, in the alternative, statutory damages of up to $100,000.00 per domain name pursuant to the Anti-Cybersquatting Act, 15 U.S.C. §§1125(d) and 1117

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CS prays for an order and judgment against Defendant on each count herein as follows:

1.     Defendant and its agents, officers, employees, representatives and all other persons and entities acting for, with, by, through, or under the authority from Defendant, be enjoined permanently, from:

    a.  Using the trademarks "ClaimSolution" and "Claim Solutions" and any other confusingly similar derivative of any of the trademarks/ tradenames in connection with services it offers in the insurance industry;

    b.  Using the trademark, service mark, name, email ID or domain name containing the trademark, in connection with services it  offers in the insurance industry;

2.     Defendant be ordered to remove from any websites under their control all references, direct or implied, to trademarks owned by CS;

WA 14705999.1

3.      Defendant be ordered to transfer ownership to CS, of all website domain names that are confusingly similar or identical to any domain name, or trademark owned by CS, including, but not limited to "www.americanclaimsolutions.com;"

4.      Defendant be awarded all damages caused by the acts forming the basis of this Complaint;

5.      Defendant be ordered to pay to CS all costs and attorney's fees incurred during this litigation;

6.      For an order requiring Defendant, pursuant to 15 U.S.C. § 1116, to file with this Court and serve upon CS within 30 days after the entry of the injunction, a writing under oath setting forth in detail the manner and form in which they have complied with the injunction;

7.      For an order deeming this case exceptional pursuant to 15 U.S.C. § 1117 and awarding CS treble damages, all costs, and attorney's fees;

8.      For an award to CS of its actual damages and all profits of Defendant attributable to Defendant's infringement of the CLAIMSOLUTION trademark;

9.      For an order requiring Defendant to undertake corrective advertising acceptable to CS and to the Court, notifying the trade and public that Defendant's services are not rendered by, sponsored by, or affiliated with CS;

10.     Based on Defendant's purposeful and willful action in registering the infringing domain name and continuing to use the domain name after actual knowledge that it was improperly using the domain name, statutory damages of up to $100,000.00 per domain name pursuant to the Anti- Cybersquatting Protection Act be awarded to CS; and,

11.     Any other relief allowed by applicable statute and as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims so triable

WA 14705999.1

Respectfully submitted,

SPENCER FANE LLP

/s/ Jason C. Smith
Jason C. Smith,              AR #2006103
2144 E. Republic Road, B300
Springfield, Missouri 65804
(417) 888-1000
(417) 881-8035 (facsimile)
jcsmith@spencerfane.com

WA 14705999.1