IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLAIMSOLUTION, INC.                                                                  PLAINTIFF

V.                             CASE NO. 6:20-cv-06044

AMERICAN CLAIM SOLUTIONS, INC.                                    DEFENDANT

### ANSWER TO COMPLAINT

Comes the Defendant, American Claim Solutions, Inc., by and through its attorneys, Watts, Donovan, Tilley & Carson, P.A., and for its Answer to Complaint, herein states:

### PARTIES, JURISDICTION AND VENUE

1.      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2.      Defendant admits the allegations of Paragraph 2.

3.      Answering Paragraph 3, Defendant admits this Court has subject matter jurisdiction over this action.

4.      Answering Paragraph 4, Defendant admits this Court has personal jurisdiction over it.

5.      Answering Paragraph 5, Defendant admits that venue is proper in this Court but denies that any of the alleged events occurred.

## GENERAL ALLEGATIONS

### ClaimSolution, Inc.

6. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 and therefore denies the same.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 and therefore denies the same.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 and therefore denies the same.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 and therefore denies the same.

### American Claim Solutions, Inc.

13. Answering Paragraph 13, Defendant admits it is in the business of insurance claims adjusting. Defendant otherwise denies the allegations of Paragraph 13.

14. Answering Paragraph 14, Defendant admits it an independent adjusting firm. The content of its website speaks for itself. Defendant denies all allegations of Paragraph 14 inconsistent with its website.

15. Answering Paragraph, Defendant admits it does business as "American Claim Solutions, Inc."

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Answering Paragraph 19, Defendant denies it has used any trademarks held by Plaintiff and therefore denies Plaintiff's allegations as to authorization or permission.

20. Answering Paragraph 20, Defendants admits it received a letter from Plaintiff dated March 6, 2020. That letter speaks for itself. Defendant denies all allegations of Paragraph 20 inconsistent with the letter and further denies Plaintiff's allegations in the letter.

21. Answering Paragraph 21, Defendant admits it uses "claim solutions" in its name but denies that doing so infringes upon any trademarks held by Plaintiff and therefore denies the remaining allegations of Paragraph 21.

COUNT I
TRADEMARK INFRINGEMENT UNDER THE
LANHAM ACT 15 U.S.C. §1114(1)(A)

22. Answering Paragraph 22, Defendant incorporates herein its previous admissions and denials.

23. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23 and therefore denies the same.

24. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24 and therefore denies the same.

25. Answering Paragraph 25, Defendant denies it has used any trademarks held by Plaintiff and therefore denies Plaintiff's allegations as to authorization.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

30. Answering Paragraph 30, Defendant incorporates herein its previous admissions and denials.

31. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 and therefore denies the same.

32. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 and therefore denies the same.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

## COUNT III
## VIOLATION OF ARKANSAS
## DECEPTIVE TRADE PRACTICES ACT (ADTPA)

40. Answering Paragraph 40, Defendant incorporates herein its previous admissions and denials.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

## COUNT IV
## CYBERSQUATTING PURSUANT TO 15 U.S.C. §1125(D)

44. Answering Paragraph 44, Defendant incorporates herein its previous admissions and denials.

45. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 45 and therefore denies the same.

46. Defendant admits the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Answering Paragraph 50, Defendant admits it registered the domain name "www.americanclaimsolutions.com" but denies that Plaintiff's knowledge, permission, or consent were required prior to doing so.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. Answering Paragraph 54, Defendant admits it continues to use the domain name "americanclaimsolutions.com" but denies its use is improper or infringes upon any trademarks held by Plaintiff.

55. Defendant denies the allegations of Paragraph 55.

## PRAYER FOR RELIEF

56. Defendant denies Plaintiff is entitled to the relief requested in its unnumbered WHEREFORE paragraph and specifically sub-parts 1., 1.a., 1.b., 2., 3., 4., 5., 6., 7., 8., 9., 10., and 11.

57. Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

58. Plaintiff's Complaint fails to state a claim upon which relief can be

granted. It should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

59. Plaintiff's Complaint, and each claim contained therein, is barred by the doctrines of fair use, nominative fair use, and descriptive fair use.

60. Plaintiff's Complaint, and each claim contained therein, is barred because the alleged marks are functional.

61. Plaintiff's Complaint, and each contained therein, is barred because the alleged marks are generic.

62. To the extent Defendant infringed upon any trademarks held by Plaintiff, which Defendant denies, Defendant at all relevant times acted in good faith and lacked any intent to infringe. Defendant did business as "American Claim Solutions, Inc." and used the domain name "www.americanclaimsolutions.com" without knowledge of Plaintiff's alleged trademark. If such good faith and lack of intent does not preclude a finding of liability as against Defendant, any general or statutory damages awarded to Plaintiff should be correspondingly reduced.

63. To the extent Plaintiff has a protectable trademark in "CLAIMSOLUTION," Defendant is a "good faith junior user" entitled to common law protection against infringement claims based upon Defendant's good faith use of "American Claim Solutions, Inc." after Plaintiff's prior use of "CLAIMSOLUTION."

64. Plaintiff's alleged trademark "CLAIMSOLUTION" is not a distinctive mark or a mark that has acquired secondary meaning but is merely a generic or

descriptive mark, and therefore, not protectable. Accordingly, Plaintiff's claims for trademark infringement under 15 U.S.C. § 1114(a) and 1125(a) are barred.

65. Plaintiff's cybersquatting claim is barred because Defendant reasonably believed its use of the domain name "www.americanclaimsolutions.com" was lawful pursuant to the safe harbor provision set forth in 15 U.S.C. § 1125(d)(1)(B). Defendant's domain is lawful because it recites the name of Defendant's business and is descriptive of the services that Defendant offers.

66. Defendant's use of the words "American Claim Solutions, Inc.," when compared to Plaintiff's alleged marks, and in consideration of the respective services provided by the parties using those words and alleged marks, does not result in a likelihood of confusion as to source, sponsorship, or affiliation among consumers, and is therefore not an infringement of Plaintiff's alleged marks.

67. Plaintiff's Complaint, and each claim contained therein, is barred by abandonment of the alleged marks at issue.

68. Plaintiff's Complaint, and each claim contained therein, is barred by the doctrine of unclean hands.

69. Plaintiff's Complaint, and each claim contained therein, is barred by the doctrine of laches in that Plaintiff has unreasonably delayed efforts to enforce its alleged rights, if any, despite full awareness of Defendant's alleged actions.

70. Plaintiff's Complaint, and each claim contained therein, is barred by the

doctrine of waiver.

71. Plaintiff's Complaint, and each claim contained therein, is barred by the doctrine of estoppel.

72. Plaintiff's Complaint, and each claim contained therein, is barred by the doctrine of acquiescence.

73. Plaintiff has failed to mitigate damages, if any.

74. Plaintiff's Complaint, and each claim contained therein, is barred by the statute of limitations applicable to each claim.

75. Plaintiff's Complaint, and each claim contained therein, is barred because the alleged conduct was privileged.

76. Plaintiff has not and will not suffer irreparable harm, and as such, Plaintiff's prayer for injunctive relief is barred.

77. The alleged damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

78. Without admitting that the Complaint states a claim upon which relief may be granted, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant, and the relief prayed for in the Complaint may not be granted.

79. Plaintiff and Defendant are not competitors. This is a complete defense

to all causes of action.

80.  Plaintiff is not a consumer, and Defendant's use of the name "American Claim Solutions, Inc." is not a consumer act or practice.  Accordingly, Plaintiff has no claim as matter of law under the ADTPA.

81.  Plaintiff and Defendant operate in a regulated industry.  This is a complete defense to all causes of action.

82.  Plaintiff has suffered no actual financial loss.  Plaintiff therefore has no claim as a matter of law under the ADTPA.  See Ark. Code Ann. § 4-88-113(f)(1)(a).

83.  Plaintiff is not properly registered to conduct business in the State of Arkansas.

84.  Plaintiff lacks standing.

85.  Defendant is without sufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available to it.  Defendant reserves the right to assert additional affirmative defenses in the event that discovery in this case indicates such defense would be appropriate.

86.  Defendant demands trial by jury pursuant to Fed. R. Civ. P. 38(b).

WHEREFORE, the Defendant, American Claim Solutions, Inc., prays that Plaintiff take nothing from its Complaint, that the Court enter an order dismissing it with prejudice, and award Defendant its costs, reasonable attorney's fees, and other

such relief which the Court deems proper and just.

Staci Dumas Carson
DAVID M. DONOVAN (81184)
STACI DUMAS CARSON (2003158)
WATTS, DONOVAN, TILLEY & CARSON, P.A.
200 RIVER MARKET AVENUE, SUITE 200
LITTLE ROCK, AR  72201-1769
(501) 372-1406
(501) 372-1209 FAX
david.donovan@wdtc.law
staci.carson@wdtc.law
